UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS GONZALEZ,

      **Plaintiff,**

**v.**                                   **Case No: 8:24-cv-563-MSS-TGW**

**CENTRAL FLORIDA ASPHALT,
LLC,**

      **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Voluntarily Dismiss Corrected Amended Complaint Without Prejudice (the "Motion"), (Dkt. 40), and Defendant's response in opposition. (Dkt. 41) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Motion is **GRANTED**.

Plaintiff requests the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Id.) Plaintiff represents that even after engaging in discovery, Plaintiff has been unable to determine whether Defendant employed more than 15 employees for 20 weeks in a single calendar year. (Id.) Thus, Plaintiff cannot determine that Defendant is an employer subject to Title VII of the Civil Rights Act, as Plaintiff alleges in the Amended Complaint. (Dkt. 15) Plaintiff indicates he intends to pursue a state law claim of sexual harassment against Defendant in a Florida state

court. (Dkt. 40) Plaintiff also intends to pursue a claim for alleged unpaid commissions against Defendant in Florida state court. (Id.) Thus, Plaintiff seeks dismissal of the Amended Complaint without prejudice. (Id.)

Defendant opposes Plaintiff's request.[1] (Dkt. 41) Defendant maintains Plaintiff received proof that Defendant did not employ more than 15 employees as early as April 16, 2024, nearly a year before the close of discovery in this case. (Id.) In its Motion to Dismiss, which was filed on May 5, 2024, Defendant stated it intended "to defend this case on the basis that there is no coverage under Title VII and to seek reimbursement of their attorney's fees and costs in the defense of this case if they prevail." (Dkt. 17 at 8) Defendant argues it would suffer legal prejudice if the Court dismissed the case without prejudice because a dismissal would foreclose Defendant's opportunity to recover attorney's fees and costs from Plaintiff. (Dkt. 41)

The Court has broad discretion in deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. at 856–57. However, a voluntary dismissal may be inappropriate if the defendant would lose a "substantial right" or if plaintiff's counsel acted in bad faith. Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir.

---

[1] Defendant informs the Court that Defendant served Plaintiff with a Motion for Rule 11 Sanctions on June 17, 2024. A copy of the Rule 11 Motion is attached to Defendant's response to Plaintiff's Motion for Voluntary Dismissal. (Dkt. 41-1) The Court declines to consider the contents of Defendant's Motion for Sanctions. The motion was never filed on the Court's docket, and Plaintiff was never given an opportunity to respond to the motion on the record.

2014). "Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001); id. at 1259 (citations omitted) ([D]elay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending."). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

The Court finds that Plaintiff should be permitted to dismiss his claims without prejudice. The Court finds no evidence on the record that Plaintiff's counsel acted in bad faith in filing or litigating this action. Plaintiff filed the Motion before the close of discovery, six weeks before the deadline for filing dispositive motions. Plaintiff was entitled to engage in discovery to pursue evidence to establish Defendant's coverage under Title VII. While Defendant insists its payroll records constituted conclusive evidence that it did not employ the requisite number of employees, Plaintiff represents that he identified the names of several employees that Defendant never produced. Plaintiff now concedes he cannot ascertain whether Defendant employed the requisite number of employees for the requisite period, and he seeks dismissal on that basis.

While Defendant argues the voluntary dismissal of Plaintiff's claims will deprive Defendant of its legal right to pursue an award of attorneys' fees, the loss of

the opportunity to pursue fees does not necessarily rise to the level of "clear legal prejudice." <u>Pontenberg</u>, 252 F.3d at 1256; <u>Posada v. Bravo Foods, LLC</u>, No. 24-cv-658, 2025 WL 1208766, at *1 (M.D. Fla. Apr. 25, 2025). Importantly, also, Defendant has not demonstrated its entitlement to fees and costs in this action under Title VII. <u>See</u> <u>Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n</u>, 434 U.S. 412, 422 (1978) (noting that the award of attorneys' fees against plaintiffs who lose their Title VII suits "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII" and concluding that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so"). In any event, if Defendant is ultimately found to be the prevailing party, Defendant may pursue fees in state court if appropriate. Accordingly, the Court finds Plaintiff's Motion should be granted.

Defendant requests that in the event the Court permits Plaintiff to dismiss this action, the Court condition the dismissal on Plaintiff's payment of Defendant's attorneys' fees. <u>McCants</u>, 781 F.2d at 860 (noting the court may condition the dismissal of an action without prejudice on the plaintiff's reimbursement of the defendant's litigation expenses, including reasonable attorneys' fees). For the reasons stated the Court declines to impose any conditions of dismissal.

Accordingly, the Court **ORDERS**:

1. Plaintiff's Motion to Voluntarily Dismiss Corrected Amended Complaint Without Prejudice, (Dkt. 40), is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Unopposed Motion for Status Conference, (Dkt. 42), is **DENIED AS MOOT**.

3. The Clerk is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Tampa, Florida this 22nd day of August 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party